FRED NAPOLI v. STANDARD PARTS CO.

**Fact of Protection of Emery Wheel is for Jury in Personal Injury Case.**
When the issue of proximate cause is made an issue by the pleadings, the trial court without any facts cannot determine the issue. Hence, in an action for recovery of damages on account of injury to a workman from the bursting of an emery wheel which he was operating, the question whether an accident of that character can be attributed to the failure of the employer to comply with the statute requiring that such wheels be covered with a sheet or cast iron hood or hopper to prevent dust or refuse from rising therefrom, is one which should be determined by the jury from the facts and circumstances of the case, rather than from any narrow construction by the court of the purpose of the law, and the plaintiff in such a case should be given an opportunity to prove that the cause of his injury was the absence of such an appliance.

*Gilbert Morgan,* for plaintiff in error.
*Day, Day & Wilkin,* for defendant in error.

## WASHBURN, J.

This was an action in which Fred Napoli sought to recover damages for an injury received while in the employ of the Standard Parts Co. The injury was caused by the bursting of an emery wheel, a piece of which struck him in the throat. The Standard Parts Co. employed more than five employes and com-

plied with all the requirements of the workmen's compensation act.

Napoli, therefore, could not maintain such suit unless such injury arose from the failure of such employer to comply with a lawful requirement for the protection of the lives and safety of employees. Sec. 1465-76 G. C. Napoli claimed that such was the case, and that the injury to him was caused by the failure of the Standard Parts Co. to comply with the requirements of Sec. 1027, which required the emery wheel in question to be provided "with a sheet or cast iron hood or hopper of such form and so applied to it that the dust or refuse therefrom will fall from such wheels or will be thrown into such hood or hopper by centrifugal force and be carried off by the current of air into a suction pipe attached to such hood or hopper."

The case came on for trial, and the court sustained an objection to any evidence and rendered judgment for the Standard Parts Co. on the ground that the lawful requirement referred to was for the purpose of protecting its employees from dust or refuse and not from the bursting of the emery wheel.

It must be conceded that Sec. 1027 requires the installation of dust or refuse removing apparatus, but Napoli claimed that if such apparatus had been provided, it would have not only have protected him from dust and refuse from said emery wheel, but would also have protected him from injury from the bursting of the emery wheel—in other words, that the absence of such apparatus was the proximate cause of his injury.

No evidence having been permitted, we have no facts before us by which we can form any opinion as to whether or not such apparatus would have afforded him any protection from injury from the bursting of said emery wheel.

Proximate cause is usually a mixed question of law and fact for a jury to determine, and in no event can a court determine it without any facts where the issue is made in the pleadings.

So that this case falls within the familiar rule that evidence as to this issue should have been permitted, unless the contention of the Standard Parts Co. is correct,—that the statute being for the purpose of preventing injury from dust or refuse, it can not, as a matter of law, be considered as a lawful requirement for any other purpose. We can not accede to that proposition. If an

apparatus is required which will afford protection against a certain kind of injury, and *if* it will also protect against another kind of injury, we perceive no good reason why it is not a lawful requirement as to both kinds of injuries.

Whether or not this apparatus would have afforded protection against injury from the bursting of the emery wheel, and whether or not the injury in this case was caused by the employer's failure to provide such apparatus, is the very question at issue which we hold should be determined upon the facts rather than by a narrow construction of the purpose of the law.

We are cited to former decisions of this court holding that a statute requiring certain machinery to be protected by a guard to prevent the operator *coming in* contact with the machinery did not require guard to prevent parts of the machinery from *flying off* and injuring the operator. *Marble & Shattuck Chair Co.* v. *Dubroy*, 42 O. C. C. 257 (17 N. S. 515). That case differs from the case at bar in that the facts were before the court, and it further appears that the court found that "it would be impossible to conceive" of the machine being so guarded that the accident "would or might not have happened." It is apparent that the facts in that case disclosed to the court that the guard required could not have prevented the accident and that, therefore, failure to have the guard could not be the proximate cause of the accident.

We are also cited to another case in which this court determined the same law requiring a guard to prevent injury to persons *coming in contact* with machinery does not require such machinery to be so guarded as to prevent injury from material or particles being *thrown off* from such machinery. *Kump* v. *Kilby Mfg. Co.*, 43 O C. C. 156 (18 N. S. 453). But the evidence was also before the court in that case, and moreover, after the first case cited above was decided the Legislature made a significant change in the statute by requiring that guards and appliances be provided to "prevent injury to persons who *use* or come in contact with machinery." That is now the language of the law declaring the purpose of the lawful requirement in the case at bar.

The purpose is to prevent injury to persons who use or come in contact with machinery, not any particular kind of injury but

injury generally, any injury which the appliances required would prevent.

Our attention is also called to another case decided by this court holding a violation of a statute prohibiting the employment of a minor to operate an elevator can not be the proximate cause of injury to the minor. *Schaber* v. *Hinig*, 43 O. C. C. 128 (18 N. S. 414).

That case presents a much different question than is presented by the case at bar, and it is to be noted that in that case also the facts were before the court, and, moreover, it does not appear that in deciding the case it was necessary to promulgate the above proposition of law; in fact a judgment for plaintiff was affirmed in that case.

We are further cited to *Slaline* v. *Cincinnati Sand Blast Co.* 31 O. C. C. 390 (12 N. S. 208). In that case, as in all of the other cases cited, the facts were before the court. None of them sustain the proposition that where the issue of proximate cause is made by the pleadings, the trial court, without any facts, can determine that issue. In the case at bar, the petition liberally construed, alleges that the statute required protecting appliances to be attached to the emery wheel in question for the purpose of preventing injury to plaintiff, and that the absence of such appliances was the cause of plaintiff's injury. These allegations were denied in the answer. The plaintiff should have been given an opportunity to prove that the absence of the required appliances was the cause of his injury, and for error in sustaining the objection to any evidence and rendering judgment for the defendant, the case is reversed and remanded for further proceedings according to law.

DUNLAP and VICKERY, JJ., concur.